IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY W. ROBERTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANDY BLADES; DR. SCOTT LOSSMAN; CORIZON MEDICAL CERVICES; DR. GARTH GULICK; DR. GLEN BABICH; DR. MURRAY YOUNG,<br><br>　　　　Defendants. | Case No.  1:13-CV-312-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Randy Blades. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant defendant Blades' motion for summary judgment.

## ANALYSIS

Plaintiff Roy Roberts, an inmate at the Idaho State Correctional Institution (ISCI), claims that jail officials were deliberately indifferent to his back pain.  He alleges that medical professionals working at the jail ignored his pain and delayed surgery for almost two years.  He brings this § 1983 action to recover damages for the pain he endured while his surgery was delayed.  In his complaint, Roberts sued (1) Randy Blades, the ISCI

**Memorandum Decision – page 1**

Warden; (2) Corizon Medical Services, the company providing medical services at the ISCI; and (3) four physicians with Corizon who worked at the ISCI, Dr. Scott Lossman, Dr. Garth Gulick, Dr. Glen Babich, and Dr. Murray Young.

Earlier, five of the six defendants moved for summary judgment. Roberts argued in response that the motion should be denied because the five defendants ignored his back pain, delayed his surgery, and treated him with ineffective psychotropic medications instead of narcotics.

In a lengthy decision, the Court described the details of Roberts' treatment. *See Memorandum Decision (Dkt. No. 49).* To summarize that discussion, independent medical experts had prescribed conservative treatment rather than surgery, and this necessarily delayed his surgery. *Id.* Moreover, psychotropic drugs were commonly prescribed for back pain rather than narcotics in a prison setting. *Id.* The Court found no evidence in the record that the five defendants had been deliberately indifferent to Roberts' back problems and so granted the motion for summary judgment. *Id.*

The single remaining defendant – Warden Blades – has now filed a motion for summary judgment. The Court will not repeat the lengthy recitation of facts contained in its earlier decision but will incorporate it by reference here. Warden Blades, a non-medical prison official, is generally entitled to rely on the opinions of medical professionals with respect to the medical treatment of Roberts. *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir.2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744F.3d 1046 (9th Cir.2014). However, if "a reasonable person would likely determine [the medical treatment] to be inferior," the fact that an official is not medically trained

**Memorandum Decision – page 2**

will not shield that official from liability for deliberate indifference. *Snow*, 681 F.3d at 986; *see also McGee v. Adams*, 721 F.3d 474, 483 (7th Cir.2013) (stating that non-medical personnel may rely on medical opinions of health care professionals unless "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner"). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.2004).

The record contains no evidence that Warden Blades was unreasonable in relying on the independent medical experts. There is no evidence that their course of treatment was medically unacceptable or posed an excessive risk to Roberts. For these reasons, the Court will grant Warden Blades' motion for summary judgment. Because he is the last remaining defendant, the Court will enter a separate Judgment as required by Rule 58(a).

DATED: March 28, 2016



_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision – page 4**